**AAMCO AUTOMATIC TRANSMISSIONS, INC.**

v.

**Robert N. BOSEMER.**

**Civ. A. No. 73-169.**

United States District Court,
E. D. Pennsylvania.

April 1, 1974.

Martin H. Katz, Bridgeport, Pa., for plaintiff.

George J. Miller, Norbert F. Bergholtz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is before the Court on the motion of the defendant, Robert N. Bosemer, to transfer this action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a), or in the aternative, to dismiss for lack of jurisdiction over the defendant and insufficiency of service of process, pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure.

The complaint in this action for breach of contract was filed on January 22, 1973 by the plaintiff, Aamco Automatic Transmissions, Inc. (Aamco) alleging that the defendant, Robert N. Bosemer (Bosemer) breached a franchise agreement by failing to submit to Aamco certain statements and reports, by failing to pay fees, by failing to operate the franchise according to Aamco's procedures, by failing to devote full time and effort to the franchise, and by failing to continue to conduct business under the agreement.

Aamco is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. Aamco is engaged in the business of franchising automatic transmission repair shops and conducts business on a nationwide basis with over 500 dealers and licensees located throughout the country. Bosemer is a citizen of the State of California, residing at La-Mirada, California. Aamco and Bosemer are parties to a franchise agreement (Agreement) which was entered into on January 3, 1968 granting to Bosemer the right to operate an Aamco Automatic Transmission Repair Center in the Los Angeles, California area. Pursuant to the franchise, Bosemer operated an Aamco repair center at 750 W. Washington Boulevard, Montebello, California until December 29, 1972.

■■ The complaint was served on the defendant in California by certified mail and also by the United States Marshal. The propriety of this service and the jurisdiction of this Court over the defendant, Bosemer, is based upon the following forum-selection clause contained in the Agreement:

This Agreement shall be deemed to have been made in the Commonwealth of Pennsylvania and shall be construed according to the laws of that State. LICENSEE consents to the jurisdiction of any state or federal court in either Philadelphia County, Pennsylvania, Montgomery County, Pennsylvania, or the county in which AAMCO has its principal place of business with respect to any proceedings arising out of this Agreement and further, agrees that the mailing to his last known address by registered mail of any process shall constitute lawful and valid process. LICENSEE further agrees that it will bring any legal proceedings arising out of this Agreement only in the courts mentioned above. AAMCO agrees to accept service lawfully issued by such court.

In Plum Tree, Inc. v. Stockment, 488 F. 2d 754 (3d Cir. 1973) the United States Court of Appeals for the Third Circuit held that a valid forum selection clause whose enforcement is not unreasonable does not necessarily prevent the selected forum from ordering a transfer under 28 U.S.C. § 1404(a). The Circuit Court stated, at 757–758:

Congress set down in § 1404(a) the factors it thought should be decisive on a motion for transfer. Only one of these—the convenience of the parties—is properly within the power of the parties themselves to affect by a forum-selection clause. The other factors—the convenience of witnesses and the interest of justice—are third-party or public interests that must be weighed by the district court; they cannot be automatically outweighed by the existence of a purely private agreement between the parties [footnote omitted]. Such an agreement does not obviate the need for an analysis of the factors set forth in § 1404 (a) and does not necessarily preclude the granting of the motion to transfer.

The Court also noted that the weight to be given to a forum-selection clause in a motion to transfer depends on its specific terms. Id. at 758, n. 7.

An analysis of the above-quoted forum selection clause indicates that, with respect to any proceedings arising out of the Agreement, the parties have agreed as follows: (1) that Bosemer consented to the jurisdiction of any state or federal court in either Philadelphia County, Pennsylvania, or Montgomery County, Pennsylvania, where Aamco has its principal place of business, (2) that Bosemer agreed that service by registered mail to his last known address constituted lawful and valid process, (3) that Bosemer agreed to bring any legal proceedings only in the courts designated above, and (4) that Aamco agreed to accept service lawfully issued by those courts.

Since there is no language requiring Aamco to bring such an action in the state or federal court in Philadelphia or Montgomery County, Pennsylvania, this does not appear to be the type of agreement wherein the parties have agreed that the courts mentioned should have exclusive jurisdiction. Furthermore, unlike the agreement before the Third Circuit in Plum Tree, supra the word "venue" is not mentioned in this clause. Hence, a dissection of the forum selection clause in this case leads us to conclude that there is a question as to whether Bosemer waived venue. The Court shall not, however, decide whether Bosemer waived venue in this Agreement because a consideration of the other two factors which Plum Tree, supra, holds are not within the power of the parties to affect by a forum selection clause, that is, the convenience of witnesses and the interest of justice, mandates the transfer of this litigation.

■ The burden is on the defendant, Bosemer, to establish that a balancing of

proper interests weighs in favor of the transfer, and unless the balance weighs strongly in his favor, Aamco's choice of forum should prevail. Shutte v. Armco et al., 431 F.2d 22 (3d Cir. 1970).

Both parties have filed extensive briefs and affidavits on the transfer issue. In opposition to transfer, Aamco asserts that its principal place of business is in Pennsylvania, where it serves over 500 franchises throughout the United States. Aamco further claims that all its corporate books, records and corporate executives and key employees are located in Bridgeport, Pennsylvania. Aamco contends that the witnesses which it intends to call at the trial comprise its entire management team and that they all reside in Pennsylvania. Aamco also alleges that the Agreement was entered into in Pennsylvania and that all monies due it under the Agreement are payable in Pennsylvania. Finally, Aamco contends that the day-to-day operation of its business as well as that of its franchisees will suffer if it is required to try this case in the Central District of California.

Bosemer, on the other hand, contends that Aamco is a large corporation with numerous employees conducting a nationwide business, including several dealers and franchisees in the Central District of California area, supervised by a regional operations manager located in that area. Bosemer points out that the initial solicitation and negotiations for the franchise occurred in the Central District of California but admits that the Agreement was signed in Pennsylvania where Bosemer claims that he was presented with the Agreement for the first time. Bosemer also contends that the Agreement, which covers four legal sized pre-printed pages in small type, is a form contract of adhesion which all franchisees are required to sign. Bosemer, in his affidavit, states that he was 27 years of age at the time he executed the Agreement and that he had no prior business experience. Bosemer claims that he was presented with the Agreement on a take-it or leave-it

basis. Bosemer also claims that all the events relevant to this law suit occurred in the Central District of California, where he operated the franchise and where he currently lives and works. Bosemer alleges that he is in poor financial condition and cannot afford the expense of travel to Philadelphia either for himself or his witnesses. Furthermore, Bosemer contends that his defenses to this action and his set-off against Aamco are dependent upon witnesses and evidence located in the Central District of California. More specifically, Bosemer states that he intends to call numerous witnesses in his behalf, all of whom live and work in the Central District of California, including several other Aamco franchisees and advertising agency representatives from the firm that handles the Aamco advertising program whom he would have to subpoena since they are not within his control.

The only meaningful connection which exists between the Eastern District of Pennsylvania and this litigation is the fact that Aamco maintains its principal corporate offices, officers, records and key employees in this district, and the only basis for the *in personam* jurisdiction over the defendant, Bosemer, is the forum selection clause of the Agreement. We are not unmindful that Aamco's choice of forum should be given substantial weight. Galfand v. Chestnutt, 363 F.Supp. 296 (E.D.Pa. 1973); City of Philadelphia v. Emhart Corp., 317 F.Supp. 1320 (E.D.Pa.1970); Clendenin v. United Fruit Co., 214 F. Supp. 137 (E.D.Pa.1963). However, in the interests of justice the relative bargaining power and financial status of the parties must also be considered. *See* Aamco Automatic Transmissions v. Dyer, C.A. 72–1377 (E.D.Pa. Feb. 6, 1974). A transfer to the Central District of California, where this action could have been instituted, would enable Bosemer to properly prepare and effectively present his defense which he would otherwise be unable to do if the action remained in this forum. As so well stated by the Honorable John Ful-

lam in Aamco v. Dyer, supra, "insistence upon trial in this District would be likely to have the effect of precluding the defendant from effectively asserting a defense." All of the relevant events occurred in the Central District of California. If Aamco's case is meritorious, it would seem that the enforcement of any decree Aamco might succeed in obtaining would have to be sought in the Central District of California. Aamco will probably be inconvenienced by this transfer, but the inconvenience which it will suffer is clearly outweighed by the convenience to essential witnesses who are not in the employ of either party and the interests of justice.

The Court, therefore, concludes the convenience of the witnesses and the interests of justice require that this litigation be transferred to the Central District of California.

The Court finds it unnecessary, therefore, to decide Bosemer's alternative motion to dismiss for lack of personal jurisdiction and insufficiency of service because these issues now appear moot.