Cathy H. NELSON, Plaintiff,

v.

**MASTER LEASE CORPORATION, Defendant.**

Civ. No. 4–90–953.

United States District Court,
D. Minnesota,
Fourth Division.

April 2, 1991.

Michael H. Hennen, Rerat Law Firm, Minneapolis, Minn., for plaintiff.

Francis E. Vogl, Keith J. Nelsen, Best & Flanagan, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion for transfer or dismissal of plaintiff's claims.

FACTS

Defendant Master Lease Corporation is incorporated in Michigan and has its principal place of business in Pennsylvania. Defendant is in the business of providing equipment leasing and financing to business-end users. Plaintiff Cathy H. Nelson was hired by defendant in April of 1990 as a district sales representative in Minnesota and informed that she would be required to go to Pennsylvania to participate in a training program. Plaintiff quit her sales position with the Distributed Logic Corporation and traveled to Pennsylvania.

Plaintiff says that she was presented with a packet of documents on the next to the last day of the training program. Defendant says plaintiff was given the documents when she arrived at the training program. Both parties agree that the packet included a document entitled "NON DISCLOSURE AGREEMENT AND COVENANT NOT TO COMPETE." This two-page document states in paragraph 16 that:

> EMPLOYEE agrees that he will not bring suit against COMPANY or any subsidiaries, limited partnerships or affiliated entities, its authorized representatives, agents and employees in any court other than the courts of either Montgomery County, Commonwealth of Pennsylvania; or the United States District Court for the Eastern District of Pennsylvania; and he further agrees that in the event of a breach of this paragraph 16 he will pay all costs of any action including reasonable counsel fees.

Affidavit of Mary Kate Harkins, Exh. B. Defendant swears that plaintiff requested more time to review the document upon receipt and returned a signed copy eleven days later. Plaintiff swears that she signed the document almost immediately, without reviewing its provisions, because she was told she must sign or her employment would be terminated. Plaintiff says she did not read the document and that she assumed the document's contents related only to the title (NON DISCLOSURE AGREEMENT AND COVENANT NOT TO COMPETE). She claims that she was unaware that the document contained a forum selection clause.

After signing the document, plaintiff completed the training program and returned to Minnesota as the sole employee of defendant in the state. Plaintiff was terminated from her position on September 17, 1990 and subsequently filed this claim for sexual discrimination under Minn.Stat. ch. 363.[1] Defendant denies plaintiff's termination was based on gender and moves to change venue pursuant to 28 U.S.C. § 1404(a) or for dismissal pursuant to 28 U.S.C. § 1406(a) based on the forum selection clause in the contract plaintiff signed.

DISCUSSION

I. *Whether Venue is Appropriate in the District of Minnesota*

A. Enforceability of the Forum Selection Clause

■ Traditionally, forum selection clauses have been disfavored in federal courts. The *Carbon Black Export, Inc. v. The Monrosa*, 254 F.2d 297 (5th Cir.1958); *cert. denied*, 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723 (1959). There has, however, been an increasing acceptance of forum selection clauses over the last twenty years. In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1971), a United States manufacturer of off-shore drilling rigs contracted with a German corporation to tow a drilling rig from Louisiana to Italy. While under tow, the rig was damaged in a storm. The drilling rig owners filed suit in federal district court in Florida claiming negligence by the German company. The defendants responded by claiming the federal court had no jurisdiction because the contract between the parties selected the English courts as the appropriate venue for the resolution of contract disputes. The district court and the appellate court refused to give effect to the forum selection clause.

---

**1.** The Minnesota Human Rights Act, Minn.Stat. ch. 363, prohibits employment discrimination based on sex. The Minnesota courts have interpreted Minn.Stat. ch. 363 as being analogous to Title VII of the Civil Rights Act of 1964 and the legal analysis for the Minnesota Human Rights Act is the same as that for Title VII. *Sigurdson v. Isanti County*, 386 N.W.2d 715, 719 (Minn. 1986).

The Supreme Court, ruling in its admiralty jurisdiction, held that the forum selection clause should be given effect. *Id.* at 20, 92 S.Ct. at 1918. The Court's decision hinged on two factors. First, the Court noted that the desire for forum selection clauses was natural as United States businesses increasingly worked overseas. The Court opined that, "[w]e cannot have trade and commerce in world markets and international waters exclusively on our terms, governed by our laws, and resolved in our courts." *Id.* at 9, 92 S.Ct. at 1913.

Secondly, the Court noted the relative bargaining power of each party in the contract:

> The choice of that forum was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts.

*Id.* at 12, 92 S.Ct. at 1914. Given the equality of bargaining power between two large and sophisticated international corporations, the Court had no difficulty reversing the old presumption against forum selection clauses and enforcing the clause in *Bremen*. The Court concluded that:

> in the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside.

*Id.* at 15, 92 S.Ct. at 1916. This holding led many courts to conclude that a forum selection clause should be upheld unless the party challenging it could demonstrate that enforcement is unjust. *See, e.g., Kline v. Kawai America Corp.*, 498 F.Supp. 868 (D.Minn.1980).

This presumption has been altered in 28 U.S.C. § 1404(a) motions as a result of the Supreme Court's opinion in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22,

108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In *Stewart*, an Alabama copy machine dealer brought a diversity action against a New York manufacturer in the United States District Court for the Northern District of Alabama. The defendant moved to transfer based on 28 U.S.C. § 1404(a) and argued that a forum selection clause contained in the parties' contract was dispositive on venue.[2] The trial court held that the action should be heard in Alabama. The United States Court of Appeals for the Eleventh Circuit reversed and, citing the holding of the *Bremen* decision, held that the forum selection clause should be given effect. *Stewart Organization, Inc. v. Ricoh Corp.*, 785 F.2d 896 (11th Cir.1987).

The Supreme Court accepted certiorari and held that a court considering a 28 U.S.C. § 1404(a) motion to change venue should not treat a forum selection clause as a dispositive factor in determining venue. A forum selection clause, the Court held, is only one factor to be considered in reviewing a section 1404(a) motion. *Stewart*, 108 S.Ct. at 2245. The Court noted:

> Section 1404(a) directs a District Court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The District Court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of "the interest of justice." ... The forum selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration ... nor no consideration ..., but rather the consideration for which Congress provided in § 1404(a).

*Id.* at 2244–45.[3]

The proper weight accorded to a forum selection clause in a section 1404(a) motion to transfer was recently considered in *Hoff-*

---

**2.** The contract stated that the appropriate state and federal courts in the borough of Manhattan, New York City, New York, would have exclusive jurisdiction over any controversy arising from the agreement. The transfer motion was made pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought.

**3.** The vote in the *Stewart* case was 8–1 with two justices (Kennedy and O'Connor) concurring with the majority. Defendant in this case argues that forum selection clauses should be given controlling weight in virtually every case. The Court finds that this is not a sound reading

*man v. Minuteman Press International, Inc.,* 747 F.Supp. 552 (W.D.Mo.1990). In *Hoffman,* the parties had signed a franchise agreement which contained a forum selection clause. The clause provided that any disputes in the contract would be litigated in the State of New York. The plaintiff later sued the defendant in the United States District Court for the Western District of Missouri. The defendants moved for a change of venue under 28 U.S.C. § 1404(a). The court held that:

> The integrity of contractual obligations is unquestionably important. That concern, however, can be easily accommodated. If a party resisting the enforcement of a forum clause does not wish the clause to figure into a court's balancing of the § 1404(a) factors, then he should bear the burden of showing why the clause should not factor into the court's decision. Thus, the party moving for the transfer still bears the burden of proving that the balance of § 1404(a) interests weighs in favor of transfer, and, unless the party resisting application of the forum clause can demonstrate why it should not, the clause will factor significantly into the balancing.

*Id.* at 554. The court held that most of the section 1404(a) factors favored denying the motion to transfer. In addition, the court discounted the forum selection clause, because the defendants were found to have overwhelming bargaining power in the contract negotiations. *Id.* at 559.

The relative weight of a forum selection clause in a civil rights case was also considered in *Red Bull Associates v. Best*

*Western International, Inc.,* 862 F.2d 963 (2d Cir.1988). In *Red Bull* the district court found that giving effect to a forum selection clause would hinder plaintiff's ability to litigate a civil rights claim. Accordingly, the district court found the motion to transfer was not in the interest of justice. The appeals court reviewed the decision shortly after the *Stewart* case had been decided and affirmed the lower court's holding. The court specially noted that:

> While individuals are free to regulate their purely private disputes by means of contractual choice of forum, we cannot adopt a per se rule that gives these private arrangements dispositive effect where the civil rights laws are concerned. Congress declared two factors decisive on a motion for transfer pursuant to § 1404(a). The private convenience of the parties ... was only one of the elements to be considered. The other component of the analysis—the interest of justice—is not properly within the power of private individuals to control. The existence of a forum selection clause cannot preclude the district court's inquiry into the public policy ramifications of transfer decisions.

*Id.* at 967. Thus, under *Red Bull,* the interests of justice factor in a section 1404(a) analysis may preclude the enforcement of a forum selection clause in civil rights cases.[4]

The Supreme Court decisions in *Bremen* and *Stewart* demonstrate that forum selection clauses are not per se unenforceable. However, when a court is considering a

---

of *Stewart.* The majority opinion clearly endorses the view that forum selection clauses are merely one factor to be evaluated when a district court hears a section 1404(a) motion. The defendant also quotes *Northwestern National Insurance Company v. Donovan,* 916 F.2d 372 (7th Cir.1990) for the proposition that forum selection clauses should almost always be enforced. However, *Donovan* is not a section 1404(a) case. The majority in *Donovan* distinguished *Stewart* and noted:

> The question in *Stewart,* however, was not the validity of the forum selection clause, but the criteria for granting a motion for a change of venue under 28 U.S.C. § 1404(a).

*Id.* at 375.

**4.** In *Red Bull,* the court considered a race discrimination claim filed pursuant to the Civil

Rights Act of 1867 and 1964. While the instant claim is made pursuant to the Minnesota Human Rights Act, the court notes that Congress has declared the protection of civil rights in employment to be a significant national priority. 42 U.S.C. § 2000e-2. The Court recognizes that pursuant to *Stewart,* state policies cannot dictate the result of a section 1404(a) motion, but the Court finds the enforcement of civil rights in the work place is a national policy and is an appropriate factor to consider. *Stewart,* 108 S.Ct. at 2245. Therefore, the Court finds it to be appropriate that the nature of plaintiff's claim is a factor to be considered in the Court's interest of justice analysis pursuant to 28 U.S.C. § 1404(a).

motion to transfer under 28 U.S.C. § 1404(a) a forum selection clause is only one factor to be considered and the burden remains on the party seeking the transfer.

### B. Whether a Section 1404(a) Motion to Transfer Venue Should be Granted

In the case at bar, venue is proper in either this forum or in the United States District Court for the Eastern District of Pennsylvania. Therefore, the Court must balance the three evaluative factors of section 1404(a): the convenience of the parties, the convenience of the witnesses, and the interest of justice.

#### 1. *Convenience of the Parties*

■ The defendants bear the burden of showing that their inconvenience strongly outweighs the inconvenience plaintiff would suffer if venue were transferred. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer. *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964).

The defendant argues that the forum selection clause is proof that Pennsylvania is a more convenient forum for the parties to litigate this dispute. The defendant notes that both parties signed a contract which stated that all litigation between the parties would occur in Pennsylvania. There was no fraud, coercion or undue bargaining power in the relationship between the parties, the defendant contends.[5]

Defendant says that plaintiff had adequate time to review the clause and that the contract was written in a concise and straightforward manner. The plaintiff had more than eleven days to review the document before she signed it, defendant says.[6]

Plaintiff argues that the forum selection clause should not be given effect. Plaintiff swears that she received the document on the second to the last day of the training program and signed it without further examination. If she had not signed the document, plaintiff says, her employment would have been terminated immediately. The forum selection clause, plaintiff claims, was not fairly negotiated and is a product of defendant's unfair bargaining power. In addition, plaintiff claims that the contract is boilerplate and not deserving of great weight. *Kline v. Kawai America Corp.*, 498 F.Supp. 868, 872 (D.Minn.1980).

Defendant also argues that Pennsylvania is a more appropriate forum because it is defendant's principal place of business. The corporate officers and records which would be necessary for a trial are all located in Pennsylvania, the defendant says. Plaintiff states that she is a resident of Minnesota and would be unable to pursue her claim in the Eastern District of Pennsylvania because she does not have adequate assets.

The Court finds that the convenience of the parties factor favors the plaintiff. The apparent inability of the plaintiff (a person without substantial personal or business assets) to litigate this action in Pennsylvania strongly suggests that this litigation is best pursued in Minnesota. Defendant is a large corporation with operations across

---

5. These are the three factors which will automatically overcome an otherwise valid forum selection clause. *Berrett v. Life Insurance Co. of the Southwest*, 623 F.Supp. 946, 948 (D.Utah 1985).

6. The Court notes that defendant claims that plaintiff has misled the Court regarding the amount of time plaintiff had to review the contract at the "training program." While this question is tangential to the resolution of this transfer motion, the Court notes that defendant actually contradicts itself on the underlying facts. Plaintiff in her affidavit swears that she went to Pennsylvania for a two-week training program and received the contract on her second to the last day. Defendant in the affidavit of Dean McQuirns, manager of human resources for Master Lease, swears in two different paragraphs that the training program was three weeks in length and that plaintiff received the contract immediately upon her arrival. Defendant submitted an additional affidavit of Mary Kate Harkins, personnel administrator for Master Lease, in which she states that the training program was two weeks long. Defendant's claims are not well served by the confusion evident in defendant's own affidavits.

the United States and the ability to protect its interests in this forum. The Court finds that defendant's general claims about the expense of moving records and personnel to Minnesota are insufficient to overcome the obvious hardship imposed on plaintiff if this action were transferred.

In addition, the Court finds that the forum selection clause should not be given substantial weight because of the undue bargaining power possessed by the defendant. The plaintiff had terminated her previous position and after starting her new position was given a boilerplate contract which contained a forum selection clause. While a boilerplate contract will obviously be sufficient under some circumstances, the equities of the contract must be carefully examined. *Kline,* 498 F.Supp. at 872. This is not a case where two parties of relatively equal bargaining power sat down and negotiated a mutually acceptable agreement. The plaintiff, based on the record before the Court, had no opportunity or ability to bargain for a different alternative.[7] The Court finds that the disparities in bargaining power and all of the other circumstances of the contract make the forum selection clause a factor which should not be determinative in the section 1404(a) analysis.

The Court concludes that the convenience of the parties is best served by allowing this action to be heard in the District of Minnesota.

### 2. *Convenience of the Witnesses*

■ The convenience of the witnesses is an important factor for the Court and the parties since it determines the "relative ease of access to sources of proof." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1964) (discussing forum non conveniens). In *Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.,* 594 F.Supp. 731 (D.Minn.1984), the Court found that relevant considerations concerning this factor include the number of essential non-party witnesses, their location and the preference of courts for live testimony as opposed to depositions. *Coast-to-Coast Stores, Inc.,* 594 F.Supp. at 734. Of course, the convenience of the witnesses factor should not be determined solely upon a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts; the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover. C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3851 at 425.

Defendant argues that the convenience of the witnesses favors transferring the action to the Eastern District of Pennsylvania. Defendant states in a very general fashion that most of the witnesses it would call are located in Pennsylvania. Plaintiff argues that she would call witnesses who are located in the Midwest. Her successor, Dave Rotman, lives in Minnesota and three other witnesses live in Wisconsin and Illinois.

The Court finds that this factor is not helpful to either party. The defendant has made only general statements about the location of witnesses and has failed to state clearly and specifically why Pennsylvania is a superior forum. Likewise, plaintiff merely lists witnesses located in or near Minnesota. Therefore, the Court concludes that this factor is not helpful in resolving the question of which jurisdiction is most appropriate to hear this action.

### 3. *Interest of Justice*

■ The interest of justice factor is perhaps the most important. *Medtronic, Inc. v. American Optical Corp.,* 337 F.Supp. 490, 495–97 (D.Minn.1971); *I–T–E Circuit Breaker Co. v. Regan,* 348 F.2d 403, 405 (8th Cir.1965); *First National Bank of Minneapolis v. White,* 420 F.Supp. 1331,

---

7. Defendant argues in its reply memorandum that two other employees negotiated amendments to the standard form contract. This is not persuasive evidence that plaintiff's contract was a bargained for agreement. Defendant's affidavits do not indicate that plaintiff was ever informed that defendant was willing to negoti-

ate contract terms. Defendant's affidavits also do not demonstrate that the factual circumstances in the "negotiated contracts" were similar to plaintiff's situation. Plaintiff states to the contrary that she was told to sign the contract or she would be fired. Nelson Aff. at ¶ 8.

1337 (D.Minn.1976). Amongst the considerations which may be relevant in any interest of justice analysis are the relative familiarity of the two courts with the law to be applied and the relative ability of the parties to bear the expenses of litigating in a distant forum. *Van Dusen,* 376 U.S. at 643–45, 84 S.Ct. at 823–24; *Aamco Automatic Transmissions, Inc. v. Bosemer,* 374 F.Supp. 754, 757 (E.D.Pa.1974). *See First National Bank of Minneapolis,* 420 F.Supp. at 1337 (listing considerations).

While the Minnesota court may be more familiar with the applicable law, there is little doubt that the Pennsylvania court is fully qualified to apply the proper Minnesota law. However, the relative ability of the parties to bear the cost of litigation in a distant forum clearly favors the plaintiff's position that the proper forum is in Minnesota.

The defendant claims the interest of justice is best accomplished by affirming the forum selection clause. The plaintiff states that she will have great difficulty pursuing this litigation if defendant's motion is granted and argues that the interest of justice is advanced by denying the motion.

The Court finds that the defendant's emphasis on the forum selection clause in analyzing the interest of justice issue is misplaced. As the United States Court of Appeals for the Second Circuit noted in *Red Bull,* the issue of the forum selection clause is not a substantial element in analyzing the interest of justice factor, but relates instead to the convenience of the parties. *Red Bull,* 862 F.2d at 967. A forum selection clause is a private matter between the parties and the interest of justice must take into account other concerns.

In addition to the factor of the burden to plaintiff of litigating in Pennsylvania, the Court also considers the fact that plaintiff's claim involves civil rights to be an important factor. As the court noted in *Red Bull,* civil rights cases are not purely private contractual disputes and involve important social objectives. The interest of justice is best served by assuring the plaintiff's logistical ability to present her civil rights claim. The Court concludes that the

interest of justice factor strongly supports venue in the District of Minnesota.

Therefore, based upon all the facts and circumstances, the Court concludes that venue is proper in Minnesota, and that defendant's motion to transfer or dismiss plaintiff's claims should be denied.

Based on the foregoing, and upon all the files, records and proceedings herein,

IT IS ORDERED that:

1. defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied; and

2. defendant's motion to dismiss pursuant to 28 U.S.C. § 1406(a) is denied.