Mohammed A.A. ISLAM, Plaintiff,

v.

Sheriff C.W. JACKSON, Sgt. D.C. Standbridge, Investigator Yeatman, Deputy Wayne France, and Montross Inn, Inc., Defendants.

Civ. A. No. 91–342–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 23, 1992.

Mohammed A.A. Islam, pro se.

David Peter Buehler, John Adrian Gibney, Jr., Shuford, Rubin, Gibney & Dunn, Richmond, Va., for defendants Sheriff C.W. Jackson, Sgt. D.C. Standbridge, Investigator Yeatman and Deputy Wayne France.

Allan Simpson Reynolds, Jr., Reynolds, Smith & Winters, P.C., Norfolk, Va., for defendant Montross Inn, Inc.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, a Virginia inmate, has submitted a *pro se* complaint, pursuant to 42 U.S.C. § 1983, to redress alleged violations of his constitutional rights. Specifically, plaintiff alleges that defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by serving contaminated food to plaintiff and other inmates and by serving food under unsanitary conditions. Plaintiff seeks $10,000 in punitive and compensatory damages from each defendant as an official and $10,000 in punitive and compensatory damages from each defendant as an individual.

### I. Procedural History

On October 24, 1991, the court granted plaintiff's request to proceed *in forma pauperis* and ordered his complaint filed. Defendant Montross Inn, Inc. (Montross Inn) and defendants Jackson, Standbridge, Yeatman, and France (Prison Officials) then filed motions to dismiss plaintiff's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Plaintiff responded to these motions and also moved for summary judgment against defendants. For the reasons stated below, the court DISMISSES plaintiff's complaint for failure to state a claim upon which relief can be granted.[1]

---

1. Defendant Prison Officials also submitted a motion to dismiss under Local Rule 4, or in the alternative, a motion to transfer, claiming that venue does not lie in the Norfolk Division of

## II. Analysis

### A. Standard for Motion to Dismiss

 Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the court to dismiss plaintiff's complaint upon defendant's motion if the complaint "[fails] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege facts which, if proven, show that the conduct of which he complains was committed by a person acting under color of state law and that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *see, e.g., West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). Defendants do not contest that they acted under color of state law. They do contest, however, that their conduct violated the Constitution or federal laws.

 In deciding a motion to dismiss, the court accepts as true the facts alleged in plaintiff's complaint. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980); *see also Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991) (in testing the legal sufficiency of a complaint, the court "construe[s] the factual allegations in the light most favorable to plaintiff"). A complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Loe,* 582 F.2d at 1295 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). A *pro se* complaint raising civil rights issues is particularly entitled to liberal construction. *Id.; see Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

### B. Facts

Plaintiff alleges the following facts, which the court assumes are true. On December 20, 1990, defendant Prison Officials served plaintiff a dinner meal of elbow macaroni with meat that was contaminated with maggots. Defendant Montross Inn provided the meal to the jail. The next morning, plaintiff and other inmates refused to eat any other meals from Montross Inn fearing that this food also was contaminated. Upon learning that the inmates refused to eat meals prepared by Montross Inn, defendant "Sheriff Jackson state[d] that these inmates must be fed, and instructed the jailors to clean up the kitchen and go to the Blue and Gray Supermarket to get balongna [sic], etc., for lunch." (Pl.'s Compl. ¶ 4.) Plaintiff developed stomach problems on December 23, 1990, as a result of eating food infested with maggots, and Prison Officials took him to the emergency room for treatment. Plaintiff alleged no further medical problems.

After the one contaminated meal from Montross Inn, defendant Prison Officials obtained food from other vendors. From December 21, 1990, to January 2, 1991, defendant Prison Officials prepared the food temporarily "in the jail's kitchen which had been closed down several years earlier do [sic] to its failure to meet health standard." (Pl.'s Compl. ¶ 5.) Defendant Prison Officials prepared and served the food without gloves and without medical examinations or certifications to work with food, despite an inmate's recent case of infectious hepatitis. After January 2, 1991, Prison Officials obtained prepared meals for the inmates from outside food vendors, having replaced Montross Inn as the supplier.

### C. Discussion

The Eighth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment and prohibits

---

this court. The court's dismissal of this action pursuant to Rule 12(b)(6) makes defendants' motion moot. For the same reason and because the court considers no matters outside the pleadings, consideration of plaintiff's motion for summary judgment is unnecessary.

"cruel and unusual punishment" of those convicted of crimes. *Wilson v. Seiter,* — U.S. —, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991) (citing *Robinson v. California,* 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962)). This provision protects inmates both from deprivations specifically part of their sentence and from deprivations suffered during confinement. *Id.* In *Wilson,* the Supreme Court identified two elements necessary to support an Eighth Amendment claim challenging prison conditions. Such a claim includes both an objective element, i.e., whether the deprivation was sufficiently serious to constitute cruel and unusual punishment, and a subjective element, i.e., whether the officials acted with a sufficiently culpable state of mind. *Id.* at 2324. The court concludes that the facts pleaded in plaintiff's complaint satisfy neither the objective nor the subjective element of an Eighth Amendment claim, and, therefore, plaintiff's complaint fails to state a claim upon which relief can be granted.[2]

1. Deprivations Not Sufficiently Serious

■ The Fourth Circuit recognizes the well-established principle that "inmates must be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.' " *Shrader v. White,* 761 F.2d 975, 986 (4th Cir.1985) (citations omitted); *see Bolding v. Holshouser,* 575 F.2d 461, 465 (4th Cir.) (prisoner's allegation of failure to provide adequate sanitary food service facilities states a cognizable claim), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58

L.Ed.2d 133 (1978). Failure to meet an inmate's basic nutritional needs is cruel and unusual punishment because the inmate relies on prison officials to provide food; if the officials fail to do so, the inmate's basic nutritional needs will not be met. *Cf. Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Under some circumstances, therefore, inadequate, unsanitary food service can be sufficiently serious to satisfy the objective element of an Eighth Amendment claim. Plaintiff's allegations, however, are not serious enough to constitute a violation of constitutional magnitude.[3]

■ Plaintiff complains that defendants served him contaminated food on one occasion and that for thirteen days, from December 21, 1990, to January 2, 1991, defendant Prison Officials prepared and served him food from an alternate food source under unsanitary conditions. Missing one meal as an isolated event does not deprive an inmate of basic nutritional needs. Likewise, temporary service of food without gloves by employees not medically examined or certified to handle food does not present an immediate danger to the health and well being of the inmates who consume it.

Moreover, plaintiff has alleged no "serious medical and emotional deterioration attributable to" the challenged conditions, as required by *Lopez v. Robinson,* 914 F.2d 486, 490 (4th Cir.1990) (quoting *Shrader v. White,* 761 F.2d 975, 979 (4th Cir.1985)). Although plaintiff became ill after eating the contaminated meal from Montross Inn, Prison Officials provided medical treatment, and plaintiff complains of no remain-

---

**2.** Although plaintiff's complaint does not suffer from a lack of factual allegations to support his claim, "[t]he doctrine of relaxation of pleading *pro se* by prison inmates has no play here, for the infirmity is not of form but in substance." *Bolding v. Holshouser,* 575 F.2d 461, 470 (4th Cir.) (Bryan, J., dissenting), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978).

**3.** The court recognizes that the Fourth Circuit in the past has found that a prisoner's allegation of failure to provide adequate sanitary food service facilities is sufficient to state a cognizable claim. *See Bolding v. Holshouser,* 575 F.2d 461, 465 (4th Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct.

121, 58 L.Ed.2d 133 (1978). The factual allegations underlying the complaint in *Bolding,* however, significantly differ from the facts underlying plaintiff's claim in this case. Unlike here, the prisoners in *Bolding* complained of general, ongoing prison conditions, whereas the allegations in this case focus on an isolated two-week period. Moreover, since *Bolding* was decided, the Supreme Court has elaborated on the legal standards that form the basis of an Eighth Amendment claim for cruel and unusual prison conditions. *See Wilson v. Seiter,* — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *supra* at 1113–1114; *infra* at 1115.

ing medical problems. The challenged conditions, therefore, are not sufficiently serious to constitute cruel and unusual punishment, and plaintiff's action against defendant Prison Officials and defendant Montross Inn can be dismissed on this basis alone. Even if the challenged conditions had caused a constitutionally cognizable harm, however, plaintiff also must plead facts that show deliberate indifference as the cause of his harm. *Id.* For the reasons stated in the next section, plaintiff has failed to plead sufficient facts to sustain an allegation of deliberate indifference.

### 2. Absence of Deliberate Indifference

■ Drawing all reasonable inferences from plaintiff's allegations, the complaint fails to allege adequately that defendants acted with the state of mind necessary to establish a claim under the Eighth Amendment. In *Wilson v. Seiter,* — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), the Supreme Court identified a subjective element to cruel and unusual punishment applied when "the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge." *Id.* at 2325. To qualify as cruel and unusual punishment,

> conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is *obduracy and wantonness, not inadvertence or error in good faith,* that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Id.* at 2324 (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (emphasis added by the Court in *Wilson* )).

To determine whether prison officials acted with a sufficiently culpable state of mind, the Supreme Court adopted the standard articulated by retired Justice Powell in *LaFaut v. Smith,* 834 F.2d 389, 391–92 (4th Cir.1987): "Whether one characterizes the treatment received by [the prisoner] as inhumane conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the 'deliberate indifference' standard articulated in *Estelle* [*Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (4th Cir.1976) ]." According to the "deliberate indifference" standard, as restated in *Wilson,*

> a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. It is *only* such indifference that can violate the Eighth Amendment; allegations of inadvertent failure to provide adequate medical care or of negligent diagnosis simply fail to establish the requisite culpable state of mind.

*Wilson,* 111 S.Ct. at 2323 (quotations and citations omitted).[4]

Although plaintiff has alleged "deliberate indifference," the factual allegations that he states in support of his legal conclusion demonstrate the clear absence of deliberate indifference to basic nutritional needs and amount at most to allegations of negligence or inadvertence. Nothing in plaintiff's allegations suggests deliberate indifference to the quality of plaintiff's food or food service. On the contrary, plaintiff's allegations demonstrate deliber-

---

**4.** The Supreme Court recognized that notwithstanding its endorsement of *Estelle* 's "deliberate indifference" standard, "wantonness" does not have a fixed meaning. Thus, in *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), in which the officials acted in response to an emergency situation arising from a prison disturbance, the Supreme Court measured wantonness not by the "deliberate indifference" standard but by "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320–21, 106

S.Ct. at 1085 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom. John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). This very high state of mind, prescribed by the Court in *Whitley,* does not apply to prison conditions cases. *Wilson,* 111 S.Ct. at 2326. Concluding that "the medical care a prisoner receives is just as much a 'condition' of his confinement as the food he is fed," the Court held that *Estelle* 's "deliberate indifference" standard applies to prison conditions cases. *Id.*

ate concern for the nutritional and medical needs of the inmates.

In his complaint, plaintiff acknowledges that Prison Officials acted immediately to obtain food from another vendor after one contaminated meal was received from Montross Inn. When plaintiff became ill, Prison Officials responded immediately with appropriate medical treatment. Plaintiff's complaint contains no allegations that defendants failed to feed him or that defendants fed him nutritionally inadequate food, other than the isolated instance on December 20, 1991. Therefore, the facts in plaintiff's complaint fail to establish that defendants acted with sufficient culpability, and the court must dismiss plaintiff's complaint.

### 3. No Corporate Liability

In addition to the reasons stated above, plaintiff's action against defendant Montross Inn fails to state a claim upon which relief can be granted because, under section 1983, a private corporation cannot be held vicariously liable for the actions of its employees absent a showing of an impermissible corporate policy. *Iskander v. Village of Forest Park*, 690 F.2d 126, 130 (7th Cir.1982); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982); *McIlwain v. Prince William Hosp.*, 774 F.Supp. 986, 990 (E.D.Va.1991). Plaintiff alleged no actions by "employees" of Montross Inn that violated plaintiff's rights. Moreover, plaintiff alleged no corporate policy of Montross Inn that violated plaintiff's rights. Even if service of a contaminated meal on one occasion constituted cruel and unusual punishment, a single unconstitutional act does not support an inference that the Montross Inn employees acted pursuant to an impermissible corporate policy. *Iskander*, 690 F.2d at 129. Plaintiff's action against Montross Inn, therefore, is dismissed.

### III. Conclusion

For the reasons outlined above, the court GRANTS defendants' motions to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Accordingly, the Clerk shall enter judgment in favor of defendants.

Plaintiff is advised that he may appeal *in forma pauperis* from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice of appeal must be received by the Clerk within thirty (30) days of the date of this Opinion and Final Order and may be filed without the prepayment of costs or the giving of security therefor.

It is so ORDERED.