In re Johnnie ALLEN, Esther
K. Allen, Debtors.

Joel A. MASON, Plaintiff,

v.

Johnnie ALLEN, Esther K.
Allen, Defendants.

Bankruptcy No. 91–26225–B.
Adv. No. 92–2241–B.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Jan. 26, 1993.

Robin L. Tolerton, Norfolk, VA, for debtors.

Anthony F. Radd, Craig L. Mytelka, Todd J. Preti, Payne, Gates, Farthing & Radd, P.C., Norfolk, VA, for Joel A. Mason.

## ORDER

HAL J. BONNEY, JR., Bankruptcy Judge.

Joel A. Mason by counsel, Anthony F. Radd, Esquire, has filed a complaint pursuant to 11 U.S.C. 727 objecting to the discharge in bankruptcy of the debtors, Johnnie and Esther K. Allen. The debtors by counsel, Robin L. Tolerton, Esquire, filed a motion to dismiss the complaint on the grounds the plaintiff has failed to state a claim upon which relief can be granted, for failure to plead fraud with particularity and for failure to plead facts upon which the matter can be determined.

Following argument on the motion to dismiss, the Court granted the motion. Radd orally moved for leave to file a more definite statement. This motion is DENIED. A copy of the complaint is attached to and made a part of this Order.

This Court is well aware of the trend in case law to grant a motion to file a better complaint and, accordingly, has rarely, indeed, if ever, refused such a motion. Abuse of discretion is easily found by a reviewing court.

However, Fed.R.Civ.P. 12(b)(6) does exist and it must follow that there must then be times when dismissal shall and should put an end to it. This is such a case.

There are three compelling errors that mandate this:

(1) The complaint contains absolutely *no* facts. None. There is no background, no relationship, no occurrences, no specific acts, nothing.

(2) It is a gross, perhaps the grossest, example of a "shotgun" complaint. It enumerates in paragraph 4(a) through (c), 19 alleged and separate grounds with no facts and even utilizes the scatter words "such other false oaths as may be determined by appropriate discovery and/or other investigation up to and including the trial of this matter."

(3) Radd apparently applies the no facts/shotgun approach and then fully expects to be allowed to try again. For instance, after the hearing on the motion to dismiss, he contacted the Law Clerk and then sent *ex parte* a photocopy from *Collier On Bankruptcy*. He had his opportunity to present this at the hearing.

Let's review the law on dismissal and curing by a more definite statement.

Federal Rule of Civil Procedure 12(b)(6) [1] allows for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss brought under Rule 12(b)(6) should be granted only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Islam v. Jackson,* 782 F.Supp. 1111, 1113 (E.D.Va 1992).

■ In evaluating the motion to dismiss the court should "accept as true the facts alleged in [the] plaintiff's complaint." *Islam,* 782 F.Supp. at 1113 (citing to *Leo v. Armistead,* 582 F.2d 1291, 1292 (4th Cir. 1978) (cert. denied *Moffitt v. Loe,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980)). However, the court should not limit its inquiry to the claim as set forth by the plaintiff, but actively examine *all of the facts alleged* to determine whether any possible theory of recovery exists. *Rosen*

*v. Sculler,* 132 B.R. 679 (Bankr.E.D.N.Y. 1991). No facts are alleged.

This view is in keeping with the concept of notice pleading, a concept upon which the Federal Rules of Civil Procedure were raised. Pursuant to Federal Rule of Civil Procedure 8(a) [2], a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Furthermore, "each averment of the pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1).

■ Still, the idea of notice pleading, while a liberal concept intended to serve the ends of justice, does not give a plaintiff the right to assert conclusory allegations with no factual underpinnings. "Even the liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which the plaintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 198 (7th Cir.1985), citing *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. at 102; *see also Walker v. South Central Bell Telephone Co.,* 904 F.2d 275, 277 (5th Cir.1990), ("complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.").

■ The plaintiff's complaint contains no facts at all. Rather, it is a bare recital of the statutory language that does nothing more than list various bars to discharge contained in section 727 of the United States Bankruptcy Code [3]. Lacking a foundation of operative facts which give rise to the plaintiff's claims, the pleading must fail under Federal Rule 12(b)(6). [4]

Once a complaint has been dismissed under a motion brought pursuant to Rule 12(b)(6), the plaintiff may only amend the pleading by leave of the court. *Cooper v.*

---

**1.** Made applicable to bankruptcy proceedings by Federal Bankruptcy Rule 7012.

**2.** Made applicable to bankruptcy proceedings by Federal Bankruptcy Rule 7008.

**3.** 11 U.S.C. section 727.

**4.** The defendant also raised the issue of failure to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7009. Because the complaint has been found deficient under the general rules of pleading, this issue is moot.

*Shumway,* 780 F.2d 27, 29 (10th Cir.1985). The defendant's motion to dismiss was granted prior to the plaintiff making his oral motion to amend. The order dismissing the complaint is therefore a final judgment. The plaintiff has lost his right to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a) and may now amend only by leave of the court. Fed.R.Civ.P. 15(a).

The granting or denial of a motion for leave to amend rests within the discretion of the trial court. *Keller v. Prince George's County,* 923 F.2d 30 (4th Cir. 1991). While leave is to be granted liberally where it serves the ends of justice, it "is not to be granted automatically." *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987). The United States Supreme Court has enunciated several factors to be considered when evaluating a motion for leave to amend: undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, and the futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Rodgers,* 771 F.2d at 204, ("refusal is proper ... where the party moving to amend has not shown that the proposed amendment has substantial merit.").

In the instant case, the plaintiff has proffered to the court no additional facts in support of his motion for leave to amend. Lacking even a suggestion that the plaintiff's claims are indeed supported by some foundation of operative facts, there is no evidence that an amended claim would be anything except futile. It does not serve the ends of justice to encourage the "I think I have a case" filing of a suit. Fed. R.Civ.P. 12(b)(6) must stand for something else or the Federal system of pleading will become a farce. For the foregoing reasons, the plaintiff's motion for leave to amend is DENIED.

IT IS SO ORDERED..

## APPENDIX

## COMPLAINT OBJECTING TO DISCHARGE

Joel A. Mason, plaintiff, respectfully represents as follows:

1. The plaintiff is an unsecured creditor of the defendants and is a party in interest.

2. This Adversary Proceeding is one arising in the debtor's Case No. 91–26255–B under Chapter 7 of Title 11 now pending in this Court. The Court has jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

3. Defendants have concealed and/or failed to keep or preserve books, records, documents, and papers form which debtor's financial condition or business transactions might be ascertained, in violation of § 727(a)(3) of the Bankruptcy Code.

4. Defendants have made false oaths, knowingly and fraudulently, in connection with the case, upon information and belief regarding and including, *inter alia,* the following: (a) debtor's income received, (b) debtor's payments to creditors, (c) debtor's property subject to seizure, attachment or garnishment, (d) repossessions, foreclosures and returns of debtor's property, (e) assignment of property by debtor, (f) gifts of debtor, (g) losses of debtor, (h) transfers of property by debtor, (i) property owned by others and held or controlled by debtor, (k) premises occupied and/or vacated by debtor, (*l*) business engagements and operations of debtor, (m) debtor's issuance of financial statements, (n) assets of debtor, (o) valuations of debtor's assets and/or liabilities, (p) expenditures of debtor, (q) books and records of debtor, (r) loans and/or gifts to debtor, (s) judgments against debtor, (t) such other false oaths as may be determined by appropriate discovery and/or other investigation up to and including the trial of this matter, said false oaths made in violation of § 727(a)(4) of the Bankruptcy Code.

5. Defendants have transferred or concealed, or have permitted to be transferred or concealed, property of the debtor within one year of the petition for relief and/or property of the estate after the date of the filing of the petition, with intent to hinder, delay or defraud creditors or officers of the estate, in violation of § 727(a)(2)(A) and (B) of the Bankruptcy Code.

6. Defendants have withheld from an officer of the estate and have refused to

obey a lawful order to produce and turn over recorded information and documents, including tax returns and financial statements, relating to debtor's property and financial affairs, in violation of § 727(a)(4)(D) and § 727(a)(6) of the Bankruptcy Code.

7. Defendants have failed to explain satisfactorily the loss of assets or deficiency of assets of the debtor, in violation of § 727(a)(5) of the Bankruptcy Code.

WHEREFORE, the plaintiff prays that the discharge of debtor from their debts be denied, and that the plaintiff have such other and further relief as is just.

JOEL A. MASON
/s/ By: Anthony F. Radd
Of Counsel