Randy L. MARKS, Plaintiff,

v.

Margaret S. CRAWFORD, Carlton L. Cabarrus, and Boddie–Noell Enterprises, Inc., t/a Hardee's Restaurant, Defendants.

Civ. A. No. 3:93CV356.

United States District Court,
E.D. Virginia,
Richmond Division.

July 23, 1993.

Thomas Henry Gays, II, Weidner & Gays, Richmond, VA, for plaintiff Randy L. Marks.

John Adrian Gibney, Jr., Robert A. Dybing, Shuford, Rubin & Gibney, P.C., Richmond, VA, for defendants Margaret S. Crawford, Carlton L. Cabarrus.

Robert Barnes Delano, Jr., John Anthony Conrad, Sands, Anderson, Marks & Miller, Richmond, VA, for defendant Boddie–Noell Enterprises, Inc.

### MEMORANDUM OPINION

SPENCER, District Judge.

In this action, plaintiff Randy L. Marks seeks damages under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights and for related personal injuries. Plaintiff also brings a pendant state law tort claim.

This matter is before the Court on the motion of defendant Boddie–Noell Enterprises, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of plaintiff's claims insofar as they relate to Boddie–Noell. For the reasons set forth below, defendant's motion will be GRANTED.

#### I.

The pertinent facts, as alleged in plaintiff's Complaint, are as follows:

At all times relevant to this action, defendants Margaret S. Crawford and Carlton L. Cabarrus were employed as deputy sheriffs with the City of Richmond Sheriff's Department. They were also employed by defendant Boddie–Noell as security guards at a

Hardee's restaurant located on Azalea Avenue in Richmond.

At approximately 1:30 a.m. on November 15, 1991, another Hardee's employee complained to Crawford and Cabarrus that plaintiff Marks had stolen some money. Crawford and Cabarrus chased Marks as he fled from the restaurant. Upon leaving the restaurant, either Crawford or Cabarrus fired a pistol shot at Marks in an attempt to prevent his escape. Marks was not hit.

Crawford and Cabarrus then returned to the restaurant and determined that Marks had stolen less than $200. Under Virginia law in effect at the time, a "simple larceny not from the person of another of goods and chattels of the value of less than $200" constituted petit larceny, a Class 1 misdemeanor. Va.Code Ann. § 18.2–96(2) (Michie 1988).

Crawford and Cabarrus then resumed chasing Marks. They saw him driving away in his vehicle, and pursued him in either an unmarked law enforcement vehicle or a personal vehicle. No sirens were sounded, and no emergency lights were displayed. Plaintiff Marks pulled into a driveway, and Crawford and Cabarrus positioned their vehicle so as to block his exit.

Crawford and Cabarrus left their vehicle and, within seconds, Crawford was standing approximately three feet from Marks on the driver's side of Marks' vehicle, and Cabarrus was standing on the passenger's side. Both had their guns drawn and pointed at Marks.

According to the Complaint, Crawford ordered Marks to put his hands up, and Marks complied. Although Marks' hands were in plain view and he was not armed, both Crawford and Cabarrus fired at him. Marks was struck by a bullet in the neck.

Marks was then pulled from the car by Cabarrus, handcuffed, and placed under arrest. He was charged with petit larceny, and subsequently was convicted.

In his Complaint, plaintiff claims that defendant Boddie–Noell was "a willful partici-

pant in a joint activity with the other defendants, who acting in concert all acted under color of state law." Marks further alleges that the defendants' actions deprived him of his right to be secure against unreasonable searches and seizures under the Fourth Amendment, in violation of 42 U.S.C. § 1983.[1]

Marks also claims that defendants Crawford and Cabarrus committed the common law torts of battery and assault, while acting within the scope of their employment with Boddie–Noell.

## II.

Under Rule 12(b)(6), a defendant in a civil action is permitted to file a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The purpose of such a motion is to test the formal sufficiency of a plaintiff's statement of his claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (2d ed. 1990). Thus, Rule 12(b)(6) must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim in federal court, and calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

The Fourth Circuit has stated that a motion to dismiss under Rule 12(b)(6) "should be granted only in very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). Indeed, under the analysis employed in this Circuit, such a motion should be denied "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Id.* (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969) (citations omitted)); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (similar).

1. The statute provides, in pertinent part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation

of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## III.

A private corporation cannot be held vicariously liable for the actions of its employees under 42 U.S.C. § 1983, absent a showing of an impermissible corporate policy. *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir.1990), *cert. denied*, 502 U.S. 809, 112 S.Ct. 52, 116 L.Ed.2d 30 (1991); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982); *Islam v. Jackson*, 782 F.Supp. 1111, 1116 (E.D.Va.1992); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (municipal employer). Thus, in *Rojas*, the Second Circuit held that a department store was not liable under Section 1983 for a specially deputized security guard's arrest of a customer without probable cause, stating:

> [T]o recover under § 1983, it is not enough for [plaintiff] to show that his arrest by [the security guard] was without probable cause. He must show that [the defendant department store] had a policy of arresting shoplifting suspects on less than probable cause.

*Rojas*, 924 F.2d at 409.

In this case, plaintiff has made no allegation that defendant Boddie–Noell has a policy of pursuing and firing upon petty thieves. Instead, plaintiff argues that his claim against Boddie–Noell is based not upon a theory of vicarious liability, but rather upon his allegation that Boddie–Noell "was a willful participant in a joint activity with the other defendants, who acting in concert all acted under color of state law."

In *Murray v. Wal–Mart, Inc.*, 874 F.2d 555 (8th Cir.1989), the Eighth Circuit recognized that

> [i]n a section 1983 action against a private party, a plaintiff will be entitled to relief if he can show that the private party was "a willful participant in joint activity with the State or its agents" which activity deprived the plaintiff of a constitutional right.... For example, a store and its employees may be considered to be acting jointly with police when the police will detain the accused shoplifters without making an inde-pendent investigation ... or pursuant to a customary plan between the store and the police department....

*Id.* at 558–59 (citations omitted). In *Murray*, the court noted, "numerous facts point[ed] to the conclusion that [defendant] Wal–Mart was acting in concert with local police." *Id.* at 559.

In the present case, in contrast, plaintiff has made no factual allegations—apart from the mere existence of an employment relationship between Boddie–Noel and Crawford and Cabarrus—to support his conclusion that Boddie–Noell was "a willful participant in joint activity."

This Court recognizes that, in reviewing the legal sufficiency of his Complaint, the Court must construe any factual allegations in the light most favorable to the plaintiff. *Battlefield Builders, Inc., v. Swango*, 743 F.2d 1060, 1062 (4th Cir.1984). The Court, however, is "not so bound with respect to [the Complaint's] legal conclusions. Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the sufficiency of the Complaint." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991), *cert. denied sub nom. Schatz v. Weinberg and Green*, 503 U.S. 936, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992). If a plaintiff has failed to allege any set of facts upon which relief can be granted, a Complaint may be dismissed. *Id.; Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1558 (7th Cir.), *cert. dismissed*, 502 U.S. 903, 112 S.Ct. 285, 116 L.Ed.2d 236 (1991); *see also* 5A Charles A. Wright & Arthur R. Miller, *supra*, § 1357 ("[Courts] have said that they do not accept 'legal conclusions,' 'unsupported conclusions,' ... 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations' ").

Absent factual allegations supporting plaintiff's theory of liability, dismissal of plaintiff's Section 1983 claim is appropriate insofar as that claim relates to Boddie–Noell.[2]

---

2. Having resolved defendant Boddie–Noell's motion as to plaintiff's Section 1983 claim on other grounds, the Court need not address defendant's contention that plaintiff is barred from recovery due to his involvement in an illegal or immoral activity.

## IV.

Under Virginia law, a corporate defendant cannot be held liable for the tortious acts of a law enforcement officer—even if that law enforcement officer was employed and paid by the corporate party—when the acts complained of occurred in the performance of his duty as a public officer. *Glenmar Cinestate, Inc. v. Farrell*, 223 Va. 728, 292 S.E.2d 366, 369–70 (1982); *Norfolk & W. Ry. v. Haun*, 167 Va. 157, 187 S.E. 481, 482 (1936).

In *Glenmar*, for example, the Supreme Court of Virginia dealt with a case involving an off-duty sheriff's deputy who was alleged to have been negligent in directing traffic out of a drive-in theater and onto a state highway. The deputy was being paid by the theater's management. In concluding that the theater's owner could not be held liable, court stated:

> The test is: in what capacity was the officer acting at the time he committed the acts for which the complaint is made? If he is engaged in the performance of a public duty such as the enforcement of the general laws, his employer incurs no vicarious liability for his acts, even though the employer directed him to perform the duty. On the other hand, if he was engaged in the protection of the employer's property, ejecting trespassers or enforcing rules and regulations promulgated by the employer, it becomes a jury question as to whether he was serving as a public officer or as an agent, servant, or employee.

*Id.* 292 S.E.2d at 369–370 (citing *Norfolk Union Bus Terminal, Inc. v. Sheldon*, 188 Va. 288, 49 S.E.2d 338 (1948)).

From the facts alleged in plaintiff's Complaint it cannot be disputed that Crawford and Cabarrus, in pursuing and apprehending plaintiff, were acting at least in part for the purpose of arresting him for the crime of petit larceny. *See* Va.Code Ann. § 19.2–77 (Michie 1990) (authorizing law enforcement officers to pursue persons who flee from an officer attempting to arrest him).[3] When plaintiff was finally apprehended, he was, in fact, placed under arrest by the deputies. Thus, their actions were in furtherance of their duty, as public officers, to enforce the general laws of Virginia.

Under the test articulated in *Glenmar*, defendant Boddie–Noell therefore is shielded from liability even if they were also acting, in part, under Boddie–Noell's direction. *Glenmar*, 292 S.E.2d at 369–70.[4] Accordingly, dismissal of plaintiff's tort claims, insofar as they relate to defendant Boddie–Noell, is appropriate.[5]

## V.

For the reasons discussed above, the Court will GRANT defendant Boddie–Noell Enterprises, Inc.'s motion, and will DISMISS the claims contained in plaintiff's Complaint insofar as they relate to defendant Boddie–Noell.

---

**3.** Indeed, in Paragraph 9 of his Complaint, plaintiff alleges that "At all times relevant hereto, defendants Crawford and Cabarrus were … deputy sheriffs of the City of Richmond Sheriff's Department, and at all times herein were acting in such capacity as the agents, servants and employees of the City of Richmond Sheriff's Department."

**4.** The case upon which plaintiff primarily relies, *Broaddus v. Standard Drug Co.*, 211 Va. 645, 179 S.E.2d 497 (1971), is easily distinguished, because it involved the actions of a private security guard rather than a public officer such as the deputy sheriffs in this case. Ordinary rules governing the vicarious liability of employers were therefore applicable. *Id.* 179 S.E.2d at 503–04.

**5.** Again, the Court need not address the effect of plaintiff's involvement in illegal or immoral activities upon his claims against this defendant.