**In the Matter of RIMSAT, LTD., Debtor.**

**Bankruptcy No. 95–10120.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

July 15, 1998.

**346**

Mark Warsco, Fort Wayne, Indiana, for trustee.

John Sieger, Chicago, Illinois, for creditor.

### DECISION ON MOTION FOR MORE DEFINITE STATEMENT

ROBERT E. GRANT, Bankruptcy Judge.

Kauthar SDN BHD filed a proof of claim in this case, seeking $115,185,714 plus fees and costs, as an unsecured, nonpriority claim. The Chapter 7 Trustee has filed both an objection and a supplemental objection to Kauthar's claim. The matter is presently before the court on the Trustee's motion for a more definite statement.[1] The Trustee contends that Kauthar's claim, which merely lists statutes and legal principles, without describing how any of it applies to the Debtor, is so vague that he cannot respond to it without more information.

■ The trustee's motion is based upon Rule 12(e) of the Federal Rules of Civil Procedure which, through Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, is applicable to adversary proceedings. An objection to a proof of claim, however, is not an adversary proceeding; it is a contested matter.[2] It only becomes an adversary proceed-

ing if the objection is joined with a demand for some type of additional, affirmative relief. See Fed.R.Bankr.P. 3007. Consequently, before the court can address the merits of the Trustee's motion, it must decide whether Rule 12(e) should be applied to this controversy.

■ Contested matters are governed by Bankruptcy Rule 9014. This rule initially makes a number of rules from the 7000 series of the Federal Rules of Bankruptcy Procedure (the Part VII rules) automatically applicable to contested matters. It then goes on to provide that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed.R.Bankr.P.Rule 9014. Whether or not the court does so is a matter committed to its discretion. See In re American Reserve Corp., 840 F.2d 487, 488 (7th Cir.1988) (applying Rule 23). Given the substantial sum sought by Kauthar and the paucity of information its proof of claim provides concerning the underlying basis for the amounts claimed due, it appears that the efficient identification of the issues and facts in dispute, as well as a prompt disposition on the merits, will be greatly enhanced if the requirements of Rule 12(e) are applied to Kauthar's proof of claim.

■ Rule 12(e) of the Federal Rules of Civil Procedure provides that "[if] a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement."[3] Whether to

---

1. Kauthar has filed a motion to strike the Trustee's supplemental objection, arguing that it is not properly before the court. Because of the court's ruling on the Trustee's motion, Kauthar's motion is moot.

2. "All disputes in bankruptcy are either adversary proceedings or contested matters...." Matter of American Reserve Corp., 840 F.2d 487, 488 (7th Cir.1988). As "an actual dispute, other than an adversary proceeding, before the bankruptcy court", Fed.R.Bankr.P.Rule 9014, Advisory Committee Note (1983), an objection to a proof of claim qualifies as a contested matter.

3. The court realizes that a proof of claim is not a "pleading" as described in Bankruptcy Rule 7007. Thus, a technical application of the literal language of the rule would lead to a denial of the

Trustee's motion. Nonetheless, because Bankruptcy Rule 9014 allows the court to apply any of the 7000 series rules to contested matters, the drafters must have contemplated that they could be applied in an analogous, rather than a literal, technical manner. Otherwise, the opportunity to apply those rules would serve no purpose because the application of the literal language of a particular rule could automatically render its provisions inapplicable to the matter at hand.

The need to apply Rule 12(e) in an analogous, rather than a technical, manner disposes of Kauthar s argument that the Trustee is precluded from bringing the motion because he has responded to its claim, by filing an objection to it. Ordinarily, a motion for more definite statement must be made before interposing any type of response. Fed.R.Civ.P. 12(e). Yet, until a proof

grant such a motion is within the sound discretion of the court. *Gleichauf v. Ginsberg*, 859 F.Supp. 229 (D.C.W.Va.1994); 5A Wright & Miller, *Federal Practice and Procedure*, Civil 2d § 1377. Admittedly, due to liberal notice pleading and the availability of extensive discovery, these motions are not favored. *See, Radisson Hotels Int'l Inc. v. Westin Hotel Co.*, 931 F.Supp. 638, 644 (D.Minn.1996); 5A Wright & Miller, *Federal Practice and Procedure*, Civil 2d, §§ 1376–77. Nonetheless, a defendant must be given sufficient notice of the claim against it in order to frame a response. *MTV Networks v. Curry*, 867 F.Supp. 202, 207–08 (S.D.N.Y. 1994).

In *Teradyne, Inc. v. Clear Communications Corp.*, 707 F.Supp. 353 (N.D.Ill.1989), the court discussed the standard for granting a motion for a more definite statement.

> In deciding whether to order a more definite statement it is best to look at what sort of answer defendant might make to the complaint and ask if such an answer, put with the complaint, would serve to advance the course of litigation. If, after complaint and answer are filed, the court would have no clear notion of the essence of the case then a more definite statement is probably needed. 707 F.Supp. at 354.

A more definite statement of the claim may also serve to effectuate Rule 11, which requires that a pleading be well grounded in law and fact, and to reduce discovery costs. *Id.* at 354.

Kauthar's proof of claim purports to be based upon violations of state and federal securities laws, RICO, fraud, misrepresentation and numerous other duties imposed by state law. Despite the fact that it was prepared and signed by counsel, it gives absolutely no information concerning the factual basis for the claim and no supporting documentation, of any kind, accompanies it. *See* Fed.R.Bankr.P.Rule 3001(c). The only information it provides is a litany of statutory citations and legal theories of recovery.[4]

■ The court has grave doubts about whether Kauthar's claim qualifies as the properly executed and filed proof of claim, contemplated by Bankruptcy Rule 3001(f),

---

of claim has been objected to there is no contested matter to which Rule 12(e) or any of the other 7000 series rules (including the discovery rules) can be applied. Thus, it should come as no surprise that the Trustee filed an objection to Kauthar's claim before he filed the motion for more definite statement. That he did so does not prevent him from bringing the motion.

4. The basis for Kauthar's claim against the debtor is described in paragraphs 3 and 4 of its proof of claim. They read:

> 3. The claim described herein arises from securities fraud, RICO violations and other violations more specifically described below. The Claimant is entitled to treble and punitive damages and other related fees and expenses incurred in pursuing its claim against Debtor.
>
> 4. The proof of claim is predicated on the following claims:
>
> Federal Securities Fraud in Violation of Sections 10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§ 78j(b) & 78s and § Rule 10b–5, 17 C.F.R. § 240.10b–5
>
> Federal Securities Fraud in Violation of Sections 10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§ 78j(b) & 78s and § Rule 10b–5
>
> Federal Securities Fraud in Violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q
>
> Federal Securities Fraud in Violation of Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l
>
> Violation of Indiana Securities Law

> Fraudulent Misrepresentation
>
> Constructive Fraud
>
> Using or Investing Money Derived from Racketeering Activity in Violation of 18 U.S.C. § 1962(a)
>
> Acquisition of an Enterprise Through a Pattern of Racketeering Activity in Violation of 18 U.S.C. § 1962(b)
>
> Conducting of an Enterprise Through a Pattern of Racketeering Activity in Violation of 18 U.S.C. § 1962(c)
>
> Racketeering Conspiracy to Violate 18 U.S.C. § 1962(a)
>
> Racketeering Conspiracy to Violate 18 U.S.C. § 1962(b)
>
> Racketeering Conspiracy to Violate 18 U.S.C. § 1962(c)
>
> Negligent Misrepresentation
>
> Violation of the Indiana Fraudulent Conveyance Act
>
> Indiana Treble Damages Statute—Criminal Mischief
>
> Indiana Treble Damages Statute—Theft/Receiving Stolen Property
>
> Indiana Treble Damages Statute—Criminal Conversion
>
> Indiana Treble Damages Statute—Deception
>
> Indiana Treble Damages Statute—Fraud

*Proof of Non–Priority Unsecured Claim of Kauthar SDN BHD*, filed August 14, 1997, at pp 1–2.

which constitutes prima facie evidence of its validity and amount. *See, In re Weidel,* 208 B.R. 848, 854 (Bankr.M.D.N.C.1997) (creditor must allege facts sufficient to support its claim; if it does so, the claim is prima facie valid); *In re Hollars,* 198 B.R. 270, 271 (Bankr.S.D.Ohio 1996) (same); *In re Scholz,* 57 B.R. 259, 261 (Bankr.N.D.Ohio 1986) ("[T]he claim must be sufficiently detailed and substantial to allow it to be considered as *prima facie* evidence of its validity ..."). The same allegations in a complaint certainly could not survive a motion to dismiss for the failure to state a claim. *In re Allen,* 150 B.R. 21, 22 (Bankr.E.D.Va.1993) (a complaint that is only a bare recital of statutory language fails to state a claim for relief). Admittedly, a proof of claim is not subject to the same rules of pleading that govern the pleadings filed in an adversary proceeding or other civil litigation. Nonetheless, it would seem that Rule 3001(a)'s definition of a proof of claim as "a written statement setting forth a creditor's claim" contemplates that the creditor provide some kind of factual context for the origin of debtor's liability to it. *Accord, Matter of Int'l Match Corp.,* 69 F.2d 73, 76 (2nd Cir.1934) (a proof of claim should at least allege facts from which liability on the part of the bankrupt can be seen to exist).

The structure of the official form for a proof of claim (form 10) seems to support this conclusion. Section 1 requires the creditor to identify the "basis for [its] claim" by checking the appropriate box. The available boxes include "goods sold", "services performed", "money loaned", "personal injury/wrongful death", "taxes", "retiree benefits", and "wages, salaries and compensation ... for services performed [between specific dates]". Each of these options, together with any supporting documentation, gives some type of information (albeit sparse) concerning the factual basis–what it is that happened prior to the petition–for the debtor's liability to the creditor. Armed with this knowledge, a trustee has some information with which it can begin an investigation of the claim. *See, In re Grocerland Co-op., Inc.,* 32 B.R. 427, 437 (Bankr.N.D.Ill.1983) ("for [the] court to approve a proof of claim, facts of sufficient particularity must be supplied to put the trustee on notice.") In light

of this, the remaining option and the option that Kauthar used, "other (describe briefly)", would also seem to contemplate some type of description of the facts giving rise to debtor's liability to the claimant. Kauthar's claim merely lists various statutes and other theories of recovery and is not accompanied by any supporting documentation. It gives no factual information about what the debtor did or did not do to become liable to it. *Cf. In re Bloomingdale Partners,* 160 B.R. 101, 107 (Bankr.N.D.Ill.1993) (proof of claim which made reference to the facts supporting the claim, but did not specifically allege a theory of recovery, was not fatally defective and could be amended:).

Applying the standard articulated by *Teradyne,* 707 F.Supp. at 354, to Kauthar's claim, one must initially wonder whether Kauthar is asserting twenty separate claims, arising out of twenty separate transactions or occurrences, which together aggregate the $115 million it seeks, or twenty different theories of recovery as the result of a single transaction or occurrence. It is difficult to see how anyone could respond to such allegations with anything more precise than a general denial. Just to make certain nothing was overlooked, one could include every affirmative defense imaginable, but, without knowing more, there would be legitimate doubts about their applicability and whether any of them were well grounded in law and fact. At the end of such an exchange, the court would understand that the creditor was saying "We are owed lots of money.", to which the trustee replied, "No, you're not."; but it "would have no clear notion of the essence of the case." *Id.* A more definite statement is needed. Kauthar should be required to file an amended claim.

Beyond requiring a more definite statement of Kauthar's claim, it seems appropriate to provide the parties with some type of guidance concerning the precision with which it should frame any amended claim and, concomitantly, the precision that should be given to any forthcoming objection. To this end, in order to promote the prompt disposition of the merits of Kauthar's claim, the efficient identification of the issues and the facts in dispute, and to reduce the cost of discovery,

it seems appropriate to make further use of the discretion given by Bankruptcy Rule 9014 and apply the rules governing the form and content of pleadings to Kauthar's proof of claim and the objections thereto. Accordingly, the following rules shall apply to any amended claim Kauthar might wish to file and to any objections that might be filed in response: Bankruptcy Rule 7008–General Rules of Pleading, Bankruptcy Rule 7009–Pleading Special Matters, and Bankruptcy Rule 7010–Form of Pleadings.

The trustee's motion for a more definite statement will be granted. Kauthar shall have fourteen (14) days within which to file and serve an amended proof of claim. Any objections to this claim should be filed and served within twenty-one (21) days thereafter.