**In the Matter of BLUFFTON CASTINGS CORPORATION f/k/a Sterling Castings Corporation, Debtor.**

**Bankruptcy No. 97–10175.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Sept. 14, 1998.

Thomas Yoder, Fort Wayne, IN, for Barrett & McNagny.

Mark A. Warsco, James T. Young, Fort Wayne, IN, for Warsco, Brogan & Strunk.

R. David Boyer, Fort Wayne, IN, for Trustee.

Stephen Fink, Fort Wayne, IN, for Norwest Business Credit Inc.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

On January 27, 1997 the debtor filed a voluntary petition for relief under Chapter 11. The case was subsequently converted to Chapter 7 and a trustee appointed. While the case was in Chapter 11, Barrett & McNagny was employed as attorney for the debtor in possession and Warsco, Brogan & Strunk ("Warsco, Brogan") was employed as attorney for the Unsecured Creditors Committee. During that time, certain assets of the debtor were sold, generating $846,947.00. Both Warsco, Brogan and Barrett & McNagny have filed motions, pursuant to § 506(c) of the Bankruptcy Code, seeking payment of their fees from the sale proceeds. Norwest Business Credit, Inc. ("Norwest"), which holds a lien on those proceeds, has filed an objection.

The matter is presently before the court on Norwest's motion for summary judgment. The basis for the motion is that Warsco, Brogan and Barrett & McNagny lack standing under § 506(c). Section 506(c) states:

The Trustee may recover from property securing an allowed secured claim, the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. 11 U.S.C. § 506(c).

Based on the language of the statute, Norwest argues that only the Trustee may seek to surcharge a secured creditor's collateral.

██ A split of authority exists regarding who has standing under § 506(c). *Compare In re JKJ Chevrolet, Inc.,* 26 F.3d 481 (4th Cir.1994) (only trustee and debtor in possession have standing to seek recovery of administrative expenses from secured creditor's collateral); *In re Groves Farms, Inc.,* 64 B.R. 276 (Bankr.S.D.Ind.1986) (§ 506(c) may only be invoked by trustee or by debtor in possession who has the powers of a trustee pursuant to § 1107); *Matter of Great Northern Forest Products, Inc.,* 135 B.R. 46 (Bankr.W.D.Mich.1991) (allowing parties other than trustee or debtor in possession standing under § 506 would violate statute and bankruptcy policy) *with United States v. Boatmen's First National Bank,* 5 F.3d 1157 (8th Cir.1993) (IRS has standing to bring a § 506(c) claim); *In re McKeesport Steel Castings Co.,* 799 F.2d 91 (3rd Cir.1986) (utility company with colorable claim for expenses has standing to bring § 506(c) claim); *In re Palomar Truck Corp.,* 951 F.2d 229 (9th Cir.1991) (administrative claimant has § 506(c) standing, at least in Chapter 11). Nonetheless, the statute plainly states that "The *Trustee* may recover...." Given the Supreme Court's preference for adhering to the plain and unambiguous language of the Bankruptcy Code, *see, e.g., United States v. Ron Pair Enterprises,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *Robinson v. Shell Oil Co.,* 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), this court is not inclined to go beyond that language and allow parties other than the trustee (and those who exercise the powers of a trustee, *see e.g.* 11 U.S.C. § 1107(a)) to take advantage of the opportunity that § 506(c) provides.

██ In an effort to justify going beyond the plain language of the statute, some courts have suggested that the trustee may not always have an incentive to seek a surcharge under § 506(c); thus, giving standing to other parties is necessary in order to avoid inequitable results. *See In re Chicago Lutheran Hospital Assn.,* 89 B.R. 719, 726 n. 9 (Bankr.N.D.Ill.1988); *In re Palomar Truck Corp.,* 951 F.2d 229, 232 (9th Cir.1991); *In re McKeesport Steel Castings Co.,* 799 F.2d 91 (3rd Cir.1986). Yet, an expansive reading of the statute is not necessary to achieve that end. A better alternative exists. If a trust-

ee unjustifiably refuses to pursue a colorable claim, a creditor may seek the bankruptcy court's permission to prosecute that claim for the benefit of the estate. *Matter of Perkins,* 902 F.2d 1254, 1254 (7th Cir.1990). When a mechanism which allows interested parties to obtain the authority to prosecute actions otherwise vested in the trustee already exists, one should not torture the plain language of the statute in an effort to achieve the same result. Doing so is not only unnecessary but also tends to undermine the orderly process that has been developed for that purpose.

"The limits on standing are vital in bankruptcy...." *Matter of Deist Forest Products,* 850 F.2d 340, 341 (7th Cir.1988). Indeed, a primary means of achieving the swift and efficient administration of the bankruptcy estate is "by narrowly defining who has standing...." *Matter of Richman,* 104 F.3d 654, 656–57 (4th Cir.1997). Lax rules, which liberally allow parties with some interest in the proceeding to raise issues, are "too likely to generate 'protracted litigation'...." *Id.* Thus, courts should be chary about granting dispensations from the rule that only the trustee has standing to raise certain issues. *Id.* Instead, "[w]hen a third party tries to assert an action still vested in the trustee, the court should dismiss the action." *Perkins,* 902 F.2d at 1258.

The court acknowledges that, after Norwest filed its motion for summary judgment, the Trustee sought to join in the motions that Warsco, Brogan and Barrett & McNagny had filed. It also recognizes that Bankruptcy Rule 7017 provides that an action should not be dismissed because it has not been brought by the real party in interest, until that party has been given an opportunity to ratify the action, by seeking joinder or substitution. Furthermore, Bankruptcy Rule 7024 provides a mechanism by which third parties may intervene in pending litigation which affects their interests. Nonetheless, these rules apply only in adversary proceedings—not to contested matters. Fed. R.Bankr.P. Rule 9014. While the court may direct that any of the 7000 series rules can be applied to contested matters, doing so is a matter committed to its discretion and, in exercising that discretion, the court strives to

promote the efficient identification of the issues and the prompt disposition of the matter on the merits. *Matter of Rimsat,* 223 B.R. 345 (Bankr.N.D.Ind.1998).

In this instance, it is not altogether clear that these goals will actually be enhanced by allowing the Trustee's attempted joinder to cure the movants' lack of standing. To begin with, it seems that the Trustee and Barrett & McNagny may be at odds with one another over the relief sought. Barrett & McNagny wants the fees associated with its motion to be paid directly to it, while the Trustee wants any such recovery to go to and for the benefit of the estate as a whole. This creates the decided possibility for additional litigation—a possibility that would not exist had the motion been brought by the proper party. Alternatively, since the movants lack standing, perhaps they should be dismissed from the litigation and the Trustee allowed to prosecute it in his own right, without whatever distractions the presence of the original movants might create. This path would seem to necessitate the possibility of having to consider amending the original motions in order to reformulate the issues, so that they better comport with the true status of the litigation. Whatever happens, one thing appears certain; both the court and the parties will have to devote some amount of time and thought to reshaping this litigation, in terms of the parties, the issues and the relief sought, in order to put it into its proper form. These additional and otherwise unnecessary procedural complications will not promote an efficient and prompt disposition It seems much simpler to just start over, begin the process anew, and do it right the first time, by having the Trustee bring his own motion. In coming to this conclusion, the court notes that there is no apparent bar to the Trustee bringing such a motion—such as a now expired statute of limitations—which might make it important to preserve the original filing date; so the rights of the estate are not prejudiced. Furthermore, the court's conclusion has the added advantage of minimizing unnecessary litigation, by discouraging potential litigants from raising claims that properly belong to someone else, in the hopes

that the real party in interest will come along and take up the cause.

Warsco, Brogan and Barrett & McNagny lack standing to surcharge, through § 506(c), the collateral securing Norwest's claim and their respective motions to do so will be denied, without prejudice to the rights of the Trustee. An appropriate order will be entered.